IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRENT MIDDLETON as Trustee of the National Financial Systems Management, Inc. Employee Stock Ownership Plan, et al., <br><br> Plaintiffs, <br><br><br> v. <br><br><br> J. HOYT STEPHENSON, <br><br> Defendant, Counterclaimant, and Third Party Plaintiff, <br><br><br> v. <br><br><br> BRENT MIDDLETON et al., <br><br> Counterclaim and Third Party Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO STAY <br><br><br><br><br> Case No. 2:11-CV-313 TS |

This matter is before the Court on Third Party Defendants Bailey N. Hall, Thrive

National, Thrive National Corporation, Thrive Systems, Inc., Darwin Nelson, and Scott Mee's

(collectively referred to hereinafter as the "Thrive Parties") Motion to Stay Defendant's Motion for Partial Summary Judgment and to Extend Related Filing Deadlines.[1]  Also before the Court is Plaintiffs Brent Middleton as Trustee of the National Financial Systems Management, Inc. Employee Stock Ownership Plan, National Finance Systems Management, Inc., Brent Middleton individually, Jamie Sorensen, Mike Medell, and Ben Staples's (collectively referred to hereinafter as "Plaintiffs") Motion to Stay Defendant's Motion for Partial Summary Judgment.[2]

## I.  BACKGROUND

Though not fully developed in these motions, it appears that this action is not the original litigation between these parties.  According to Defendant J. Hoyt Stephenson, he initially brought a collection action in Utah state court against the Thrive Parties seeking to collect monies allegedly owed under a 2009 purchase agreement.  According to Defendant Stephenson, Plaintiffs filed their Complaint in this matter—on March 31, 2011—in reaction to Defendant Stephenson's state court action.  It appears that, instead of seeking dismissal of the state court action, the parties have continued litigation in both forums since that time.

On January 31, 2012, Defendant Stephenson filed his First Amended Answer, Counterclaims and Third Party Claims ("Third Party Complaint") in this action.[3]  Pursuant to his Third Party Complaint, Defendant Stephenson asserted counterclaims against Plaintiffs and asserted third party claims against the Thrive Parties and others.  In lieu of answering Defendant

---

[1] Docket No. 65.

[2] Docket No. 74.

[3] Docket No. 43.

Stephenson's Third Party Complaint, the Thrive Parties filed a motion to dismiss.[4]  The Thrive

Parties' Motion to Dismiss seeks dismissal of Defendant Stephenson's Third Party Complaint on

the grounds that this Court lacks subject matter jurisdiction over the claims alleged therein.

On March 2, 2012, Defendant Stephenson filed his Motion for Partial Summary

Judgment Against Hall and Thrive.[5]  Through that Motion, Defendant Stephenson seeks

summary judgment on the third claim for relief found in his Third Party Complaint.  The Thrive

Parties allege that Defendant Stephenson previously sought summary judgment on the same issue

in the state court action between these parties.  According to the Thrive Parties, Defendant

Stephenson's state court partial summary judgment motion has been fully briefed and pending

before the state court for approximately four months.[6]

On March 9, 2012, the Thrive Parties filed the instant Motion.  Through this Motion, the

Thrive Parties request that the Court stay consideration and briefing of Defendant Stephenson's

Motion for Partial Summary Judgment until the Court rules on the Thrive Parties' Motion to

Dismiss.  Plaintiffs subsequently filed a nearly identical motion similarly seeking a stay of

briefing and consideration of Defendant Stephenson's Motion for Partial Summary Judgment.

## II.  DISCUSSION

The Thrive Parties and Plaintiffs assert that the Court should grant their Motions to Stay

in order to promote judicial economy and avoid wasteful litigation because this Court may not

---

[4]Docket No. 60.

[5]Docket No. 62.

[6]*See* Docket No. 77, at 3.

have jurisdiction over Defendant Stephenson's claims.  Defendant Stephenson recognizes that jurisdiction is a prerequisite for this Court to hear his claims, but asserts that he is, and will continue to suffer from the results of the Thrive Defendants' breach until the Court considers his Partial Motion for Summary Judgment.  In effect, Defendant Stephenson asserts that he will be unfairly prejudiced by any delay in hearing his Motion.

It is a "well established policy that a court may, in its discretion, defer or abate proceedings where another suit, involving the identical issues, is pending either in federal or state court, and it would be duplicative, uneconomical and vexatious to proceed."[7]  The propriety of such a stay is "largely committed to the 'carefully considered judgment[]' of the district court."[8] The Supreme Court has described this power as "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[9]  "Factors relevant to the court's decision are: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship."[10]

Here, the first two factors are not heavily disputed.  Were the Court to grant the Thrive Parties' and Plaintiffs' Motions to Dismiss, then Defendant Stephenson's Motion for Partial

---

[7]*Blinder, Robinson & Co., Inc., v. U.S.S.E.C.*, 692 F.2d 102, 106 (10th Cir. 1982) (citing *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662-63 (1978)).

[8]*Will*, 437 U.S. at 663 (quoting *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 818 (1976)).

[9]*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[10]*Evergreen Holdings, Inc. v. Sequoia Global, Inc.*, 2008 WL 4723008, at *2 (W.D. Okla. 2008).

Summary Judgment would become moot.  Thus, a preliminary decision on the merits of the Thrive Parties' and Plaintiffs' Motions would promote judicial economy.  Furthermore, given the apparent pendency of the same or a similar motion for partial summary judgment before the state court, a stay would avoid possible confusion and inconsistent results resulting from this Court and the state court's consideration of the same issues.  In addition, judicial economy would be further promoted should the state court reach a decision on the issues raised in Defendant Stephenson's Motion, possibly obviating the need for this Court to consider the same.

Nonetheless, Defendant Stephenson asserts that delaying the briefing and consideration of his Motion will create an undue hardship as the Thrive Parties have defaulted on payment to him for nearly three years and will continue to drain value from assets allegedly owed Defendant Stephenson until his Motion is granted.  For this reason, Defendant Stephenson asserts that this Court should consider the Thrive Parties' and Plaintiffs' Motions to Dismiss and his Motion for Partial Summary Judgment simultaneously.  Given the procedural nature of this case, the Court is not persuaded that the risk of undue hardship to Defendant Stephenson is so great as to merit denial of the Thrive Parties' and Plaintiffs' Motions to Stay.

The Court would note that much of the delay causing the hardship of which Defendant Stephenson complains appears to result from Defendant Stephenson's own tactical decisions. Defendant Stephenson delayed nearly a year in filing his Third Party Complaint against the Thrive Parties.  During that time, Defendant Stephenson continued to seek resolution of his claims in state court.  This Court is not persuaded that Defendant Stephenson will be prejudiced

by the minimal delay that will result from a stay of consideration of his Motion until after the
Court decides whether it has jurisdiction over said claims.

In sum, on consideration of the three factors provided above, the Court finds a stay of
briefing and consideration of Defendant Stephenson's Motion for Partial Summary Judgment to
be merited in this case.  The Court will therefore grant the Thrive Parties' and Plaintiffs' Motions
to Stay.

### III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the Thrive Parties' Motion to Stay Defendant's Motion for Partial
Summary Judgment and to Extend Related Filing Deadlines (Docket No. 65) is GRANTED.  It is
further

ORDERED that Plaintiffs' Motion to Stay Defendant's Motion for Partial Summary
Judgment (Docket No. 74) is GRANTED.  In the event the Court denies The Thrive Parties' and
Plaintiffs' Motions to Dismiss, the Thrive Parties' and Plaintiffs' responses to Defendant
Stephenson's Motion for Partial Summary Judgment will be due within twenty-one (21) days of
this Court's order on the Motions to Dismiss.  If, in the interim, the state court takes any action
on the issues presented in Defendant Stephenson's Partial Motion for Summary Judgment, the
parties are instructed to notify the Court forthwith.  The hearing currently scheduled in this
matter for Friday, March 30, 2012, at 9:00 a.m., is hereby STRICKEN.

DATED   March 23, 2012.

BY THE COURT:

TED STEWART
United States District Judge