IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRENT MIDDLETON as Trustee of the National Financial Systems Management, Inc. Employee Stock Ownership Plan, et al., <br><br> Plaintiffs, <br><br><br> vs. <br><br><br> J. HOYT STEPHENSON, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER REQUIRING SUPPLEMENTAL BRIEFING <br><br><br><br><br><br> Case No. 2:11-CV-313 TS |

Before the Court are two motions to dismiss, filed by third party Counterclaim Defendants and Plaintiffs.

I. BACKGROUND

In 2003, Defendant J. Hoyt Stephenson incorporated National Financial Systems Management, Inc. ("NFSM"). As part of the incorporation, the board of NFSM created an employee stock ownership plan ("ESOP"), and put all of NFSM's stock into the plan, creating the NFSM ESOP ("the Plan"). Stephenson was designated as a Plan trustee. NFSM's revenue came in the form of "management fees" paid to NFSM by two companies also owned by

1

Stephenson—National Financial Systems, Inc. ("NFS") and Metronomics, Inc. ("Metro"). Ninety percent of NFS and Metro's profits were paid to NFSM.

On October 15, 2007, NFSM purchased NFS. NFSM made an up front payment for a percentage of the purchase price and issued a promissory note for the balance. On January 15, 2008, NFSM bought Metro in the same manner.

On June 27, 2009, Stephenson entered into "default agreements" with NFSM, in which NFSM acknowledged it was in default on both the NFS and Metro notes. NFSM then transferred all NFS and Metro stock back to Stephenson. Stephenson did not refund any payments from NFSM for NFS and Metro. Stephenson subsequently sold NFS and Metro to another person.

## II. DISCUSSION

Plaintiffs filed a Complaint against Defendant Stephenson alleging that he (1) breached his fiduciary duties under ERISA; (2) engaged in prohibited transactions under ERISA; and (3) violated the Internal Revenue Code.[1] Stephenson moved for summary judgment on the prohibited transaction and Internal Revenue Code claims. The Court granted Stephenson's motion. In so doing, the Court held that "(1) the sale of NFS and Metro, as well as their return to Stephenson, were not [prohibited transactions], and (2) to the extent Stephenson took part in the transactions, he was not acting on behalf of the plan and thus was not subject to ERISA fiduciary duties."[2] Thus, only the first claim of the Complaint remained.

---

[1] Plaintiffs also included "causes of action" for attorney's fees and injunctive relief. These are remedies, not substantive claims, and are therefore dependent on the three claims listed.

[2] Docket No. 36, at 10.

Stephenson subsequently moved to amend his Answer and add counterclaims against Plaintiffs as well as third parties ("Counterclaim Defendants"). Stephenson's Counterclaims allege that he had not breached any fiduciary duties, but that, if he had, several of the Counterclaim Defendants were co-fiduciaries and had also incurred liability based on their involvement in the same transactions. Stephenson also alleged several other state law claims against Counterclaim Defendants.

In separate motions, Plaintiffs and the third party Counterclaim Defendants move the Court to dismiss the co-fiduciary liability claims and to abstain from ruling on the state law counterclaims. The parties have expended effort on these issues. However, the parties have not addressed the issue of whether the fiduciary claim in the Complaint remains viable in light of the Court's summary judgment order. The Court finds that it will be in a better position to resolve the issues before it if the Court receives supplemental briefing on the issue of whether the remaining ERISA claim is still viable.

It is therefore

ORDERED that Defendant Stephenson, third party Counterclaim Defendants, and Plaintiffs submit supplemental briefing as to how, if at all, the Court's Order dated December 12, 2011, affects the first cause of action in Plaintiffs' Complaint. The briefing should also address how the Court should handle the remaining state law counterclaims in the event that the ERISA fiduciary duty claims of both the Complaint and the Counterclaims are dismissed.

The parties are instructed to submit their briefs, which shall include no more than ten pages of argument, by May 23, 2012.

DATED May 10, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge